UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:23-cv-64-LLK

JAMES FRANKLIN POE                                                    PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                     DEFENDANT

MEMORANDUM OPINION AND ORDER
APPROVING REDUCED 406(b) ATTORNEY FEE [DN 26]

This matter is before the Court upon Motion for Approval of Attorney Fee pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel Millicent Green Polivick seeks this Court's approval of § 406(b) attorney fees in the amount of $35,075.75, or twenty-five percent of $140,303.00, the total past-due benefits awarded to Plaintiff. [DN 26]. Counsel's Motion is supported by two exhibits: the Notice of Award to Plaintiff Poe [DN 26-2] and a copy of SSA-1560 Petition for Authorization to Charge and Collect a Fee for Services Before the Social Security Administration[1] signed by Plaintiff Poe. [DN 26-3]. Though not filed with this Motion, a timesheet outlining counsel's time entries for work before this Court was located as an attachment to her previously filed Motion for EAJA Fees which reflects a total of 26.75 attorney hours. [DN 20-2]. Though not filed with this Motion, the Court was also able to locate a copy of the contingency fee agreement executed by Plaintiff Poe and attorney Donna Thornton-Green (attorney Millicent Green Polivick's supervising attorney) on July 27, 2020. [DN 6] at 107. The Commissioner stated in response that it "neither

---

[1] As the Commissioner noted in its Response, this is a Form SSA-1560 which is for work performed before the Social Security Administration; it is not relevant to the 406(b) fee petition currently before this Court for work done in this tribunal.

supports nor opposes counsel's request for attorney's fees in the amount of $35,075.75, under 42 U.S.C. § 406(b)," yet in Footnote 1 takes issue with the effective hourly billing rate of $1,311.24 which would result from an award of the entire 25%. [DN 27] at 2. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [DN 7].

For the reasons stated below, the Court will GRANT counsel's Motion in part and DENY it in part, approving an award of $12,305.00 in 406(b) attorney fees.

## I. Procedural History

In May of 2023, Plaintiff filed a Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Final Decision of the Commissioner denying her claim for Social Security Disability benefits. [DN 1]. In August of 2023, Plaintiff filed her Fact and Law Summary and supporting Brief [DN 11]. On November 30, 2023, the undersigned entered the parties' Joint Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g). [DN 18].

In January of 2024, as the prevailing party (in successfully obtaining a remand), Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act (EAJA) in the amount of $3,745.00 and $402.00 in filing costs. [DN 20]. The parties stipulated to these amounts in attorney fees and costs in a Joint Agreed Order entered by this Court on February 12, 2024. [DN 24]. Upon remand, the ALJ reversed the agency's previously Unfavorable Decision and found Plaintiff disabled, resulting in a reward of past benefits totaling $140,303.00. [DN 23-2]. Attorney Millicent Green Polivick, a local disability practitioner with the Law Offices of Donna Thornton-Green, has

filed the present fee request seeking approval for $35,075.75 (25% of $140,303.00), the maximum fee allowed by statute. [DN 26].

## II.  Applicable Law

There are three statutory provisions that address payment of attorney fees for representatives of claimants in Social Security appeals. The Equal Access to Justice Act ("EAJA") is a fee-shifting statute that authorizes an award of attorney's fees against government agencies—including the Social Security Administration—unless the government's position was "substantially justified" or there are special circumstances that would make the award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). EAJA fees are typically sought at the time a successful claimant receives a remand from the federal court back to the Social Security Administration.[2] The second statutory provision—42 U.S.C. § 406(a)—covers work performed by the claimant's representative at the administrative level. The third statutory provision, which is applicable in the present case, is found in 42 U.S.C. § 406(b). Under 406(b), a court may allow, as part of its judgment, "a reasonable fee … not in excess of 25 percent of the … past-due benefits" awarded to the claimant. Attorney's fees under 406(b) are typically sought when a claimant's case was remanded to the Commissioner from the federal court, and a favorable decision awarding benefits results from that remand.

Thus, when a social security claimant receives a favorable judgment, their attorney may be awarded a reasonable fee. As the Commissioner's Response notes, it is for the Court to decide if a request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law, *Gisbrecht v.*

---

[2] When an attorney receives fees under both the EAJA and 406(b), the attorney must refund the smaller fee awarded to the claimant. *Gisbrecht v. Barnhart*, 535 US 789, 796 (2002).

*Barnhart*, 535 U.S. 789, 809 (2002). In *Gisbrecht*, the Supreme Court held that to prevail under §

406(b), plaintiff's counsel must show, and the Court must affirmatively find, that the contingency

fee sought—even one within the 25% cap—is reasonable for the services rendered: Section 406(b)

"does not displace contingency-fee agreements" but instead "calls for court review of such

arrangements as an independent check, to assure that they yield reasonable results in particular

cases." *Id*. at 807.

      As another district court within the Sixth Circuit put it, to determine whether an award

under § 406(b) is reasonable, "a ceiling-floor approach guides the way." *Hensley v. Comm'r of

Soc. Sec*., No. 3:18-CV-00223, 2021 WL 117911, at *2 (S.D. Ohio Jan. 13, 2021). The ceiling is

406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency

agreements that comply with 406(b)'s 25%-cap." *Lasley v. Comm'r of Soc. Sec*., 771 F.3d 308, 309

(6th Cir. 2014). The floor is "[the] hypothetical rate that is twice the standard rate for such work in

the relevant market." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1991). A hypothetical rate

that is less than twice the standard rate is *per se* reasonable. *Lasley*, 771 F.3d at 309 (quoting *Hayes*,

923 F.2d at 421).

      Courts must review these contingency arrangements "as an independent check, to assure

that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The attorney

seeking the fee has the burden of demonstrating that the amount sought is reasonable for the

services rendered. *Id*. Courts are left to consider arguments for attorney's fees amounts which fall

between the double-the-standard-rate floor and below the 25% statutory ceiling. As Judge Beaton

in this district recently opined, district courts have discretion to reduce fees, even fees unopposed

by the Commissioner. *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky.

April 29, 2025). *Williams* instructs that courts in the Sixth Circuit have a duty to independently

assess unopposed § 406(b) fees with care and are not barred from reducing such fee awards when they conduct "an individualized analysis of the circumstances of the case," *Id*. at \*2 (citing *In re Horenstein*, 810 F.2d 73, 75 (6ᵗʰ Cir. 1986)):

> The district court's role is not just a matter of discretion. Supreme Court precedent requires district courts to scrutinize fee agreements: "Although the contingency agreement should be given significant weight in fixing a fee, a district judge *must* independently assess the reasonableness of its terms." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (emphasis added) (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7ᵗʰ Cir. 1989)). A court that passively accepts a fee agreement doesn't just fail to exercise discretion—it fails to discharge its duty of independent review.

*Williams* at \*2-3.

The Sixth Circuit very recently had occasion to address contingency-fee agreements for § 406(b) fee awards in *Tucker v. Commissioner*, 136 F.4ᵗʰ 639 (6ᵗʰ Cir. 2025), and reiterated that contingency-fee agreements within the twenty-five percent cap are afforded a rebuttable presumption of reasonableness; nevertheless, if a court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons for those deductions. *Tucker* at 643 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6ᵗʰ Cir. 1989)). According to *Tucker,* "[d]eductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. In explaining the proper analysis for district courts' analysis of 406(b) fees and contingency-fee agreements, *Tucker* further instructed as follows:

> The Supreme Court has "expressly authorized district courts to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees." *Lasley*, 771 F.3d at 309 (citing *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. 1817). If a twenty-five-percent contingency fee yields a disproportionately high effective hourly rate, then this hypothetical hourly rate can be one consideration in reducing the fee award. *See Royzer v. Sec'y of Health & Hum. Servs.,* 900 F.2d 981, 982 (6th Cir. 1990). But a high effective hourly rate cannot *on its own* justify reducing a fee

award—district courts must provide additional reasoning. *See Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 421 (6th Cir. 1990). After all, attorneys who work on a contingent-fee basis "will not prevail every time.... Contingent fees generally overcompensate in some cases and undercompensate in others." *Royzer*, 900 F.2d at 982. Thus, a district court should not limit attorney's fees to "whatever flat hourly rate [it] deems reasonable." *Hayes*, 923 F.2d at 421. That said, it is not "improper for a district judge to reduce a contingent fee to an hourly rate and view the computed hourly rate as *part* of the calculus in arriving at an appropriate fee." *Royzer*, 900 F.2d at 982. This approach recognizes that "Congress has put the responsibility on the federal judiciary to make sure that fees charged are reasonable and do not unduly erode the claimant's benefits." *Id.*

!

*Tucker,* 136 F.4th 639, 643–44 (6th Cir. 2025).

Deductions from the twenty-five percent cap may be appropriate where "the attorney would 'enjoy a windfall because of … an inordinately large benefit . . . .'" *Hayes*, 923 F.2d at 421-22 (internal citation omitted). As noted above, *Hayes* sets the "floor" to consider when assessing contingency fees: "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id*. As there is no indication of any misconduct by or ineffectiveness of counsel in this case, the Court will limit its *Rodriguez* analysis to whether the fee requested would result in a "windfall" to Plaintiff's counsel.


### III.  Discussion

Plaintiff's counsel Millicent Green Polovick is a social security disability practitioner in Paducah, Kentucky, and one of the few remaining local attorneys whose practice includes social security appeals to the federal court. She has filed the present fee request seeking approval of a fee of $35,075.75, or 25% of $140,303.00, the total past-due benefits awarded to Plaintiff. This amount represents the highest attorney fee award permissible under 42 U.S.C. § 406(b)'s twenty-five

percent cap. The Commissioner, while neither supporting nor opposing counsel's request for a 406(b) fee, nonetheless takes issue with the amount of fee sought. Plaintiff Poe has not filed an objection to the fee sought by his attorney. A duly executed 25% contingency fee agreement between Donna Thornton-Green (counsel Polivick's supervising attorney) and Plaintiff was located by the Court in the Administrative Record, and the fee terms appear to be compliant with the twenty-five percent cap of § 406(b). Accordingly, the agreement is entitled to the rebuttable presumption of reasonableness. As to the effective hourly rate, counsel reportedly spent a modest 26.75 hours litigating this case in federal court. [DN 20-2]. Based upon these numbers, the effective hourly rate would be approximately $1,311.24 ($35,075.75 ÷ 26.75). The Court takes no issue with the efficient 26.75 hours billed by counsel. The appropriate hypothetical hourly rate however, is less clear-cut.

Whether this hypothetical hourly rate is *per se* reasonable requires a comparison to the standard rate in the market where the action was filed—the Western District of Kentucky. *Hayes*, 923 F.2d at 422. "For the standard rate, courts in this district have used an EAJA rate of $140 as the comparator for *per se* reasonableness." *Williams*, 2025 WL 1233215, at *3 (citing *Philpott v. Commissioner of Social Security*, No. 3:15-cv-554, 2021 WL 2109225, at *4 (W.D. Ky. May 25, 2021)). The hypothetical hourly rate of $1,311.24 in this case is more than twice the standard EAJA fee of $140 (it is over nine times the EAJA hourly rate); therefore, it is not *per se* reasonable. *Hayes*, 923 F.2d at 422. In this instance, the Court's inquiry "may include consideration of factors such as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel." *Broxton v. Commissioner*, No. 2:19-cv-13595, 2024 WL 2863295, at *1 (E.D. Mich. Apr. 4, 2024) (citing *Gisbrecht*, 535 U.S. at 807-08, 122 S.Ct. 1817).

In support of her fee request, Plaintiff's counsel notes that upon remand, the result achieved was an excellent outcome netting a substantial past due benefits award, as Plaintiff was found "disabled as of July 12, 2020, the alleged onset date." [DN 26] at 2. Plaintiff's counsel offers the following additional support for her 406(b) fees motion:

> This motion has been timely submitted without undue delay and is not only timely made but the amount requested is reasonable and commensurate with the complexity of the case and Counsels' expertise, skill and diligent pursuance of the Plaintiff's cause since July 2020 to an ultimate successful conclusion on August 23, 2024. Counsels' persistence in challenging the ALJ's findings before this court directly led to the favorable finding as to Plaintiff's disability as evidenced by the favorable decision. It was upon counsels' advisement that the claim was pursued past the ALJ denial of May 3, 2022. WHEREFORE, plaintiff's counsel requests that this court GRANT the motion for attorney fee in the amount of $35,075.75.

[DN 26] at 2-3.

The Court agrees that the quality of representation and results achieved were excellent in this case. Plaintiff's counsel billed a modest 26.75 hours before this Court in order to achieve a highly favorable result for her client. Nonetheless, the attorney seeking the fee under a contingency agreement bears the burden of demonstrating the amount sought is reasonable for the services provided. *Gisbrecht*, 525 U.S. 789, 807. Counsel has not filed any evidence into the record pertaining to her usual and customary hourly rate for non-contingency fee-related legal work, nor has she argued that the billable hour rates in this area are in excess of the standard $140 per hour used to calculate EAJA fees within this district.[3] The Court does note that the case necessitated a 19 page Plaintiff's Brief, and that the Commissioner did not proceed to file a responsive brief but instead negotiated a joint remand. These facts speak to the expertise of the practitioners as well as the complexity of Plaintiff's case.

---

[3] Using the EAJA fee rate of $140, twice that amount at $280 x 26.75 hours billed in this case before the federal court would mean that a fee of $7,490.00 is *per se* reasonable in this case.

As Judge Beaton recently noted, there is a certain amount of risk assumed by Social Security practitioners: "[b]ecause attorneys don't prevail in every case, '[c]ontingent fees generally overcompensate in some cases and undercompensate in others.' *Royzer v. Secretary*, 900 F.2d 981, 982 (6th Cir. 1990). That doesn't mean *any* rate is acceptable." *Williams,* 2025 WL 1233215, at *4. In *Lasley*, the Sixth Circuit affirmed the reduction of a fee with a $600 per hour hypothetical rate because it "grossly exceeded … the standard rates applied to social security fee requests" in the district for a case with "relative[ly] simpl[e]" representation. 771 F.3d at 310. However, the hypothetical hourly rate of $1,311.24 claimed here greatly exceeds the standard rates applied in Social Security cases within this district.

In several recent cases within this district, attorneys with more than five years of Social Security experience (similar to that of counsel Polivick's in this case) have been allotted $460 per hour in 406(b) cases.[4] There is no doubt that Attorney Polivick obtained a successful result for her client in this case. It appears that the Motion was filed and signed by both Attorneys Polivick and Donna Thornton-Green[5]; however, it is unclear how much of the work and billing before this Court is attributable to each. No timesheet or other billing documents were filed with the Motion, and the timesheet document filed with the Motion for EAJA Fees [DN 20-2] does not indicate which attorney performed the tasks entered. For these reasons, the Court will attribute half of the fee amount to Ms. Polivick at $460 hourly rate commensurate with her experience level, and the other

---

[4]In recent cases in this district, associates with less than five years' experience have been allotted a hypothetical hourly rate of $420 an hour, with more experienced attorneys allotted $460, and those with decades of experience being allotted $500 per hour.  *Kishbaugh v. Saul*, No. 4:17-CV-00107-HBB, 2019 WL 3483163 (W.D. Ky. July 31, 2019); *Lewis v. Kijakazi*, No. 1:19-CV-183-GNS 2023 WL 395793 (W.D. Ky. January 25, 2023) *Williams v. Dudek*, No. 5:21-CV-47-BJB, 2025 WL 1233215 (W.D. Ky. April 29, 2025).

[5] Donna Thornton-Green is a local Social Security practitioner with decades of experience in this Court. She is one of the few remaining local practitioners filing appeals to the federal court, and she has litigated hundreds of cases in this Court. The undersigned has previously awarded Ms. Thornton-Green the "goal post" figure of $500 per hour in 406(b) fees. This is the top hourly rate recently awarded by this Court to similarly experienced practitioners.

half of the fee amount to Ms. Thornton-Green at the $500 hourly rate commensurate with her decades of experience:

| | | | | |
|---|---|---|---|---|
| Millicent Green Polivick | 13.375 hours | $460.00/hr. rate | = | $6,152.50 |
| Donna Thornton-Green | 13.375 hours | $500.00/hr. rate | = | $6,687.50 |
| | | TOTAL | = | $12,840.00 |

And while this Court reluctantly inserts itself into the contingency fee agreement between counsel and her client, both Sixth Circuit and Western District of Kentucky precedent interpreting the rebuttable presumption of reasonableness in contingency-fee agreements under 42 U.S.C. § 406(b)(1)(A) requires that it do so. Plaintiff's counsel indicated in the Motion that she intends to seek attorney fees before the Social Security Administration for the time expended before the agency; this Court has considered that fact in arriving at this § 406(b) attorney fee determination. Nothing in this Memorandum Opinion and Order should be construed to mean this Court believes counsels' fee for their work before the Agency should be reduced.

Having considered the experience of the attorneys who litigated this case in federal court, awards in similar cases within this district, the complexity of the case, and the hypothetical hourly rate, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion for Approval of Attorney Fee pursuant to 42 U.S.C. § 406(b) is GRANTED IN PART and DENIED IN Part. Plaintiff Poe's attorneys Millicent Green Polovick and Donna Thornton-Green are to be paid a total of $12,840.00 pursuant to 42 U.S.C. § 406(b). Because EAJA fees of $3,745.00 were paid to counsel pursuant to the Joint Stipulation/Agreed Order for Award of Attorney Fees under the Equal Access to Justice Act [DN 25], counsel shall reimburse the smaller EAJA fee award to Plaintiff. IT IS FURTHER ORDERED that the Commissioner is directed to pay $12,840.00 directly to attorneys Millicent Green Polovick

and Donna Thornton-Green from the funds withheld from Plaintiff's past due benefits. Plaintiff's counsel shall then reimburse Plaintiff in the amount of $3,745.00 for the fee previously paid by the Commissioner under the EAJA.

November 13, 2025

**Lanny King, Magistrate Judge**
**United States District Court**

11